## THE STATE, BENJAMIN H. HUTTON, PROSECUTOR, v. THE INHABITANTS OF THE TOWNSHIP OF WEST ORANGE.

The report of commissioners for laying out an avenue in West Orange set forth that they proceeded " to assess the expense of making the said improvement, &c., fairly and equitably upon the owner or owners of any lands and real estate on the line of said Gregory avenue, which, in the opinion of said board, will be benefited by said improvement.' The report followed the language of that part of the act which authorized the assessment and prescribed the mode of distributing its burden. *Held*—

1. That the words " fairly and equitably " indicate a legislative intent that the burden which might, consistently with established legislative principles, be imposed upon the frontage, should be so distributed that each should bear his just proportion of the whole, according to, and not in excess of, the benefits received.

2. The report in this case is fatally defective, in that the commissioners do not certify, nor does it appear in any way from the return, that the assessment in question was not in excess of the benefits.

On *certiorari* to remove assessment, &c.

Argued at February Term, 1877, before Justices DALRIMPLE and WOODHULL.

For the prosecutor, *F. Adams.*

For the defendant, *James W. Field.*

The opinion of the court was delivered by

WOODHULL, J. The proceedings brought up by this writ relate to an assessment for the grading, and working to that grade, of Gregory avenue, from Northfield avenue to Mount Pleasant avenue, in the township of West Orange.

The ordinance authorizing the improvement was passed September 5th, 1872. Commissioners of assessment having been appointed March 21st, 1874, presented their report May 9th, 1874, which, on the 30th day of the same month, was ratified and adopted by the township committee.

The first reason assigned for setting aside the assessment is, that the report of the commissioners does not show that they took the oath required by law.

Section 5 of the act under which these proceedings were had, required that every commissioner of assessments appointed or elected under that act, shall, before entering upon the duties of his office, take and subscribe an oath, &c., faithfully and impartially to execute the trust reposed in him, to the best of his ability and understanding. *Laws*, 1870, *p.* 467.

The commissioners having been specially appointed for this particular case, it must appear on the face of the proceedings, or by satisfactory proof, that they have complied with this requirement of the act. *State, Harris et al., pros.,* v. *Mayor, &c., of Jersey City,* 9 *Vroom* 85.

It appears by the return that each of the commissioners took and subscribed, at the proper time, the following oath : " I do solemnly promise and swear that I will, to the best of my ability, and without partiality, perform the duties of a commissioner of assessment, in laying the expenses for the grading of Gregory avenue."

This, although not in terms, is, in substance, the oath prescribed by the act.

A substantial compliance with this provision of the law sufficiently appears by the return in this case, and it is not essential that the report of the commissioners should show it.

The second objection is, that the report does not show that the assessments do not exceed the benefits.

The report of the commissioners, so far as it relates to this point, sets forth that they proceeded "to assess the expense of making the said improvement, &c., fairly and equitably upon the owner or owners of any lands and real estate on the line of said Gregory avenue, which, in the opinion of said board, will be benefited by said improvement," &c.

The report follows the language of that part of the act which authorizes the assessment and prescribes the mode of distributing its burden. Applying to this language of the act, the principle of interpretation adopted in several cases recently decided in this court and in the Court of Errors, it may be fairly understood to imply a limitation of the assessment authorized to be made on the owners, &c., to the amount of benefits received by them, respectively, from the improvement. *Chatham Drainage Case*, 6 *Vroom* 497; *State, Graham, pros.,* v. *Mayor, &c., of Paterson*, 8 *Vroom* 380; *Village of Passaic* v. *State, Del., Lack. & W. R. R. Co., pros.,* 8 *Vroom* 538. The chief difference between the language interpreted in these cases and that now under consideration is, that in the former, the idea of ratio or proportion is expressed by the words "in proportion to the benefits received," or their equivalent, while in the latter, the same thing may be inferred from the use of the words "fairly and equitably," which seem plainly to indicate the legislative intent that the burden which might, consistently with established principles, be imposed upon the frontage, should be so distributed among the several owners that each should bear his just proportion of the whole, according to and not in excess of the benefits received.

The statute, thus interpreted, prescribed a constitutional rule for the laying of the assessment, and it became the duty of the commissioners, not only to act in strict conformity to the rule prescribed, according to its legal effect and meaning, but by their report and proceedings to make it manifest that they have done so.

In respect to this essential requirement, the commissioners have entirely failed. They do not certify in their report,

nor does it appear in any way from the return, that the assessment in question was not in excess of the benefits. On the contrary, it does appear that each lineal foot of frontage was arbitrarily assessed for an equal amount.

On the authority of the cases already referred to, and numerous others, this error is fatal.

The second reason assigned is, therefore, fully sustained, and on this ground the assessment, as to the prosecutor, must be set aside, with costs.